NO. 07-04-0423-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 28, 2004



______________________________




CODY LEE WHITE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 43,845-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Cody Lee White appeals a conviction for aggravated theft of $1500 or
more but less than $20,000, enhanced, and punishment of confinement for 8 years. We
affirm. 

 Appellant was charged by indictment with the offense of aggravated theft of $1500
or more, but less than $20,000, enhanced by two state jail felonies. Pursuant to a plea
agreement with the State, appellant waived trial by jury and entered a plea of guilty. The
trial court accepted the plea of guilty, found that the evidence substantiated appellant's
guilt, followed the plea agreement and, on July 22, 2002, deferred adjudication of guilt and
placed appellant on community supervision for 10 years. Appellant did not appeal from the
proceedings. 

 On June 24, 2004, an Amended Motion to Proceed With Adjudication of Guilt on
Original Charge was filed. A hearing on the motion was conducted on July 9, 2004. The
trial court found allegations in the motion to be true. Following a separate punishment
hearing, the court sentenced appellant to confinement in the Institutional Division of the
Texas Department of Criminal Justice for 8 years. No motion for new trial was filed. 
Appellant timely filed notice of appeal. The trial court certified appellant's right of appeal. 

 Appellant's appointed appellate counsel has filed a Motion to Withdraw and a Brief
in Support thereof. In support of the motion, counsel has certified that, in compliance with
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the
record has been diligently reviewed. In the opinion of counsel the record reflects no
reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. 
See id. 

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of his right to review the record and file a response to counsel's motion and brief. 
The appellate clerk has forwarded correspondence to appellant directing him to file any
response to his counsel's Anders brief and Motion to Withdraw no later than October 20,
2004. Appellant has not filed a response to counsel's motion and brief.

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 80,
109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App. 1991). 

 The State offered unrebutted proof of appellant's violations of community
supervision conditions. Appellant desired to testify, did so, and admitted to violations of
conditions of his community supervision provisions. The punishment imposed was within
the range provided by statute. The record does not support any arguably meritorious error
which was harmful to appellant. 

 The judgment of the trial court is affirmed. Appellate counsel's Motion to Withdraw
is granted. 


 Phil Johnson

 Chief Justice




Do not publish. 



="Emphasis"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO. 07-10-0026-CR

                                                                              

                                                   IN THE COURT OF
APPEALS

 

                                       FOR THE SEVENTH DISTRICT OF
TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                           FEBRUARY
23, 2010

                                            ______________________________

 

                                                   ALFRED JOHN
MCDONALD,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF
TEXAS, 

 

                                                                                                            Appellee

 

________________________________

 

              FROM THE COUNTY CRIMINAL COURT NO.
1 OF DENTON COUNTY;

 

                              NO. 2009-02848-A; HON. JIM CROUCH,
PRESIDING

                                           _______________________________

                                                                              

                                               ON ABATEMENT AND
REMAND

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL
and HANCOCK, JJ.

Appellant appeals from his conviction for assault.  The clerk=s record was
filed on January 25, 2010.  The reporter=s
record has not been filed.  An extension
motion was filed by the reporter on February 16, 2010, representing that
appellant has not paid or made arrangements to pay for the reporters record.








Accordingly, we
abate this appeal and remand the cause to the County Criminal Court of Denton
County (trial court) for further proceedings. 
Upon remand, the trial court shall immediately cause notice of a hearing
to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant
desires to prosecute the appeal; 

         2.  whether appellant is indigent; and, if so,

3.  whether the appellant is entitled to a free appellate record
due to his indigency. 

 

The trial court
shall cause the hearing to be transcribed. 
So too shall it 1) execute findings of fact and conclusions of law
addressing the foregoing issues, 2) cause to be developed a supplemental clerk=s
record containing its findings of fact and conclusions of law and all orders it
may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter=s record
transcribing the evidence and arguments presented at the aforementioned
hearing, if any.  Additionally, the
district court shall then file the supplemental records and reporter=s
records transcribing the hearing with the clerk of this court on or before
March 25, 2010.  Should further time be
needed by the trial court to perform these tasks, then same must be requested
before March 25, 2010.

It is so
ordered.

Per Curiam

Do not publish.